UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TRACI POWELL

                            Plaintiff,

     -against-

MERRICK ACADEMY CHARTER SCHOOL
And VICTORY EDUCATION PARTNERS,

                          Defendants.
-------------------------------------------------------------------x

**REPLY AFFIRMATION**
**IN SUPPORT OF MOTION**
**TO DISMISS**

Case No.: 16-cv-05315-NGG-RLM

RICHARD J. WASHINGTON, an attorney duly admitted to practice law before this Honorable Court, duly affirms the following:

    I am the attorney in the LAW OFFICES OF RICHARD J. WASHINGTON, P.C. My office represents MERRICK ACADEMY CHARTER SCHOOL ("Merrick Academy" or "the school"), the Defendant in the above-captioned matter, and as such I am fully familiar with the facts and circumstances surrounding this matter. I submit this affirmation in further support of Defendant Merrick Academy's Motion to Dismiss, dated March 8, 2017, and in reply to the Plaintiff's Memorandum in Opposition, dated May 1, 2017. This Affirmation is made upon information and belief, the source of which are my discussions with Defendant Merrick Academy Board of Trustees and employees, and my review of the underlying Complaint, together with the records and documentation regarding this matter.

    Plaintiff, in her factual background, contends that Defendant Merrick Academy withdrew from a scheduled mediation date before this action was commenced. To the extent that Plaintiff suggests the proposed mediation is in any way relevant to the underlying motion, such a suggestion is improper under F.R.E. Rule 408(a).

## I. The Plaintiff Has Set Forth an Incorrect Standard for Dismissal

The Plaintiff errs in articulating the standard of review in the instant motion to dismiss. *See* Plaintiff's Memorandum in Opposition, 7-8. Whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009). Contrary to the Plaintiff's contention, an action does not survive merely because there is a semblance of doubt as to whether Plaintiff can prove a set of facts that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957). Instead, the Plaintiff has an obligation to provide the grounds of her entitlement to relief with more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the Plaintiff's Complaint must allege a plausible set of facts sufficient to raise a right to relief above the speculative level. *Id*. The Plaintiff has failed to set forth sufficient facts in this matter. Each of the causes of action in this matter are purely speculative. Thus, the Plaintiff's claim must be dismissed.

## II. The Plaintiff's Disability Claim is Not Sufficiently Supported by Factual Allegations

The elements of the Plaintiff's discrimination claim were set forth in both the Defendant's Motion to Dismiss and the Plaintiff's Opposition. *See*, Defendant's Memorandum of Law in Support, 15-16; *see also* Plaintiff's Memorandum in Opposition, 9. Although Plaintiff sets forth the legal elements of her claim, she fails to provide facts to support these elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under the Americans with Disabilities Act ("ADA"), a disability includes: (1) a physical or mental impairment that substantially limits a major life activity; (2) a record of such an

impairment, or; (3) a perceived impairment. 42 U.S.C. § 12102(2). However, "[n]ot every physical or mental impairment is considered to be substantially limiting; to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Anyan v. N.Y. Life Ins. Co.*, 192 F. Supp. 2d 228 (S.D.N.Y. 2002). While the ADA provides that employers must make reasonable accommodations to otherwise qualified individuals with disabilities, it is the burden of the Plaintiff to inform the Defendant of those disabilities in order to be protected by the ADA. *McKinney v. New Process Gear Div. of New Venture Gear Inc.*, 2000 U.S. Dist. LEXIS 9787 (2000).

In her Memorandum in Opposition, the Plaintiff argues "the doctor's order to 'develop healthier living habits [was] directly related to her diabetes diagnoses." Plaintiff's Memorandum in Opposition, 9. However, the underlying Complaint fails to sufficiently connect Plaintiff's alleged diabetes diagnoses with her request for a modified work schedule. Plaintiff's Complaint, ¶ 34. Plaintiff claims she was diagnosed with diabetes in early September 2013. However, Plaintiff offers no evidence with regards to how the diabetes diagnosis impacted her day-to-day activities. Additionally, she did not request a modified work schedule until the end of that month. *Id*. After being diagnosed with diabetes, Plaintiff states that she was referred to a mental health professional as well as several other medical providers. *Id*. Thus, it is unclear whether the Plaintiff's request for a modified work schedule was the result of her diabetes, her mental health, or some other ailment not set forth in the Complaint.

The omissions regarding the alleged disability are fatal to the Plaintiff's claim. In her opposition, Plaintiff concedes that whether diabetes qualifies as a disability under the ADA is a case-by-case determination. Plaintiff's Memorandum in Opposition, 11. However, Plaintiff

3

incorrectly argues that further discovery is required to ascertain the severity of Plaintiff's condition. *Id.* To the contrary, Plaintiff's medical condition is a fact she should be acutely aware of, even in the early stages of litigation because this is a fact known only to her. These facts must be pled at the outset of litigation.

However, even in her opposition, the Plaintiff offers no facts that shed light on the severity of her condition and how it "substantially limits" her day-to-day activities within the meaning of the ADA. Because Plaintiff fails to allege that her diabetes substantially limits a major life activity, she cannot be viewed as being disabled within the parameters of the ADA. Thus, she fails to satisfy that crucial element of her claim. Plaintiff's claims under New York state and city law fail for the same reason. As such, the Defendant's Motion to Dismiss should be granted.

### III.    Plaintiff Fails to Sufficiently Plead Facts Supporting Her Discrimination Claim

Insofar as the Plaintiff fails to establish that her diabetes is a disability under the law, her claims must be dismissed. However, even if the Court were to find that Plaintiff has established a disability, her claim still must fail. Plaintiff's claim would fail because the Board of Trustees was unaware of Plaintiff's disability when it began making efforts to terminate her. Plaintiff contends that Defendant Merrick Academy knew that she had diabetes at the time of her discharge. Whether Defendant Merrick Academy knew of the Plaintiff's diabetes at the time of her termination is irrelevant. The issue is whether Plaintiff was terminated *because of* her disability.

To state a prima facie case of discrimination under the ADA, Plaintiff must demonstrate (1) that she is a handicapped person within the meaning of the ADA; (2) that she is otherwise

4

qualified to perform the duties of her former job; (3) that adverse employment action was taken against her because of her handicap, and; (4) that her employer is subject to the anti-discrimination provisions of the ADA. *Joyce v. Suffolk County*, 911 F. Supp. 92, 94 (E.D.N.Y. 1996). Regarding the third prong, "an employer cannot be liable under the ADA for firing an employee when it indisputably had no knowledge of the disability . . . [A]n employer cannot fire an employee because of a disability unless it knows of the disability." *Hedberg v. Indiana Bell Telephone Co., Inc.*, F. 3d 928, 932 (7th Cir. 1995); *see also O'Keefe v. Niagara Mohawk Power Corp.*, 714 F. Supp. 622 (N.D.N.Y. 1989) (employer unaware of plaintiff's disability did not discharge plaintiff *because of* that disability)(*emphasis added*). Therefore, a plaintiff's ADA discrimination claim must be dismissed when a defendant has no knowledge of a plaintiff's disability.

Plaintiff was not terminated because of any alleged disability. Although not dispositive, it is clear that Defendant Merrick Academy had no knowledge of the Plaintiff's diabetes when it made the decision to terminate her. Even before receiving the results of the investigation, the Board was dissatisfied with Plaintiff's job performance. To be sure, Plaintiff devotes 33 paragraphs of her Complaint to a detailed description of her disagreements with various members of the Merrick Academy Board of Trustees, as well as her internal difficulties with both her colleagues and subordinates. Plaintiff concedes that these issues existed, and that they preceded her alleged diagnosis. These facts provide further evidence that Plaintiff's termination was based upon her shortcomings in the position, and were no way related to either the knowledge of Plaintiff's diabetes diagnosis or any complications resulting from that diagnosis.

Additionally, Plaintiff's Complaint makes it clear that she did not accept direction from the Board of Trustees. Defendant Merrick Academy has submitted evidence that Plaintiff

botched the school's enrollment lottery, then subsequently terminated two employees to prevent the Board of Trustees from discovering her mistakes. Having previously served on the Board of Trustees, the Plaintiff was admittedly familiar with the demands of the Director of Operations position. The Plaintiff was also aware of the turnover in the position. This, coupled with the fact that Defendant had no knowledge of Plaintiff's alleged disability, destroys Plaintiff's claim that she was terminated because of a disability.

**IV.     Plaintiff has not Established that She was Engaged in a Protected Activity**

By the Plaintiff's own admission, she must allege that she was engaged in a protected activity in order to maintain a retaliation claim. Nonetheless, the Plaintiff's Opposition—like her complaint—merely alleges that she was engaged in a protected activity without providing any factual information to substantiate that allegation.

Under Title VII, employers are forbidden from discriminating against any of their employees because he or she has made a charge, testified, assisted, or participated in any matter in a Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a); *see also Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005). Similarly, Similarly, the NYSHRL and NYCHRL prohibit retaliation or discrimination against individuals who have exercised their rights under the NYSHRL and/or the NYCHRL. Administrative Code of the City of NY § 8-107(7); N.Y. Executive Law § 296; *see also Brightman v Prison Health Serv., Inc.*, 108 A.D.3d 739 (2d Dept. 2013) *and Matter of Delkap Mgt., Inc. v New York State Div. of Human Rights, 144 A.D.3d 1148* (2d Dept. 2016).

In this case, the Complaint alleges that the Plaintiff was terminated for "expressing concerns about improper and/or possible illegal activity as an HR Professional". Plaintiff's

6

Complaint ¶¶ 49, 55. However, Plaintiff fails to set forth the alleged protected activity in which she was engaged at the time of her termination. More importantly, Plaintiff's complaint fails definitively plead that the Merrick Defendant's alleged conduct violated federal, state, or city law. The allegation that Defendant Merrick Academy's conduct was "possibly illegal" once again is purely speculative. At no time has Plaintiff alleged that she complained of prohibited conduct under the relevant federal, state and/or city laws, which is necessary to survive a motion to dismiss in this action.

Even Plaintiff's Opposition fails to advance sufficient facts to support a claim for retaliation. In her Opposition, Plaintiff alleges that her protected activity was "to express her concern about Human Resources issues and misconduct of her co-workers, and to discipline subordinates when warranted." *See* Plaintiff's Memorandum in Opposition, 14. Such threadbare allegations, without more factual detail, do not qualify as protected activity. Plaintiff's retaliation claims fail because she has not pled sufficient factual allegations that, if true, would allow the Court to conclude that she was engaged in protected activity. Accordingly, Plaintiff's third and fourth causes of action must be dismissed.

## V.     Conclusion

For all of the foregoing reasons, and those set forth in the Defendant Merrick Academy's Motion to Dismiss, the Defendant Merrick Academy respectfully requests that the Court grant the underlying Motion to Dismiss, and grant such other further relief as may be just and proper.

>                              Respectfully Submitted
>
>
>                              /s/_____
>
>                              Richard J. Washington, Esq.  (RW 4793)
>                              THE LAW OFFICES OF
>                              RICHARD J. WASHINGTON, P.C.
>                              100 Church Street, Suite 800
>                              New York, NY 10007

TO:    Timothy Devane, Esq.
       Attorney at Law
       Attorney for Plaintiff
       244 Fifth Avenue, Suite T235
       New York, New York 10001